■ RAYMOND H. SHARP, Respondent, v. CITY OF HORNELL et al., Appellants.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Memorandum: The finding of negligence implicit in the jury's verdict for the plaintiff was against the weight of the evidence. The testimony as to the place where plaintiff fell or the cause for his fall was speculative and conjectural. The only testimony of any difference in elevation between the sidewalk blocks where plaintiff claimed he fell was estimated by the witness to be ¾ of an inch at the most. Notwithstanding this fact, plaintiff's counsel in his opening statement referred seven times to 2⅞ inches and categorically stated he would prove that there was a difference of 2⅞ inches. The difference in elevation of 2⅞ inches at the curb, a place which was not involved in the accident, was set out on a map put in evidence by plaintiff. This exhibit was of little probative value, if any, and may well have caused confusion in the minds of the jurors. The Trial Judge denied a request by one defendant's attorney to have the stenographer take the summation of plaintiff's counsel. Under the circumstances in this case that denial was an improvident exercise of the court's discretion. Justice requires that a new trial be had. (Appeals from judgment of Steuben Trial Term for plaintiff in a negligence action. The order denied a motion to set aside the verdict and for a directed verdict and for a nonsuit.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ SHAMROCK GAS & OIL, INC., Respondent, v. STERLING STATIONS, INC., Appellant.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: City Court set aside the jury's verdict of no cause for action on the ground that the verdict was "contrary to the weight of evidence and contrary to law". The verdict was not contrary to the law as charged by the court and although the charge was erroneous the failure of either party to except thereto made the court's charge the law of the case. (Civ. Prac. Act, § 446; Brown v. Du Frey, 1 N Y 2d 190, 196.) The jury's verdict, however, was against the weight of the evidence and was, therefore, properly set aside. Defendant made no effort to disprove that it was indebted to plaintiff for gasoline delivered. Defendant attempted, however, to offset plaintiff's claim by showing that plaintiff had not performed certain promises it made in connection with certain improvements. Defendant asserted its claim by way of a conclusory affirmative defense in its answer, but failed to prove any damages to defeat plaintiff's claim. Under these circumstances justice requires the granting of a new trial. (Appeal from order of Monroe County Court, affirming an order of Rochester City Court which granted a motion by plaintiff to set aside the verdict of the jury of no cause of action, and for a new trial in a breach of contract action.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ THOMAS KNIPE, JR., an Infant, by PASQUALINA KNIPE, His Guardian ad Litem, Respondent, v. GEORGE J. HETTRICK, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Oneida Special Term denying defendant's motion for dismissal, and directing service of an amended complaint.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ WILLIAM M. FIORITO, Respondent, v. FRANK YASKULSKI, JR., Doing Business as FANCHER HOTEL, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Erie Special Term permitting plaintiff to amend his amended complaint.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.